UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SIDNEY McBRIDE, III**  **CIVIL ACTION**

**VERSUS**  **NO. 21-884**

**TERREBONNE PARISH CONSOLIDATED**  **SECTION: "B"(3)**
**GOVERNMENT, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff, Sidney McBride, III, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He sued the Terrebonne Parish Consolidated Government, R. Neal, Captain Rhonda Ledet, and Major S. Bergeron. In this lawsuit, plaintiff claims that he was denied eyeglasses while incarcerated at the Terrebonne Parish Criminal Justice Complex in violation of his rights under the United States Constitution.[1]

Because plaintiff filed this lawsuit *in forma pauperis*, the Court must screen the case before it can proceed. Specifically, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is … malicious …." 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Fifth Circuit Court of Appeals has noted: "A district court may dismiss an IFP proceeding for … maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). Repetitious litigation may be dismissed as malicious when the plaintiff

---

[1] Although plaintiff was incarcerated when this lawsuit was filed, he has since been released. Rec. Doc. 5.

is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit. Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

The instant claims regarding the denial of eyeglasses are the same as or substantially similar to claims plaintiff asserted in Sidney McBride, III v. Sheriff Tim Soignet, *et al.*, Civ. Action No. 21-525 "A"(3) (E.D. La.), and they arise from the same series of events. Although he now adds two new defendants (the Terrebonne Parish Consolidated Government and Major S. Bergeron) not named in the prior action, duplicative claims are subject to dismissal as malicious even if brought against defendants not named in the previous litigation. Bailey, 846 F.2d at 1021. Therefore, plaintiff's instant claims are subject to dismissal as malicious. See id. However, they should be dismissed without prejudice to plaintiff's ability to continue to pursue them in his prior lawsuit.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be dismissed without prejudice to their prosecution in Sidney McBride, III v. Sheriff Tim Soignet, *et al.*, Civ. Action No. 21-525 "A"(3) (E.D. La.).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

 New Orleans, Louisiana, this __16th__ day of August, 2021.

_____<br>
**DANA M. DOUGLAS**<br>
**UNITED STATES MAGISTRATE JUDGE**